## DICKERSON *et al.* v. SCHEUER *et al.*

(*Superior Court of New York City, General Term.* June 20, 1888.)

1. ATTORNEY AND CLIENT—CONTRACT FOR FEES—EVIDENCE.
    In an action by an attorney to recover for services rendered defendant in a protracted litigation, evidence that defendant asked plaintiff, when retaining him, what the expense of the litigation would be, to which he replied, "It may cost you $3,000; it may cost you five, with all expenses included," does not prove a contract that all the expenses of the litigation should not exceed $5,000.

2. PLEADING—AMENDMENT—FAILURE TO OBJECT TO ALLOWANCE.
    Plaintiffs alleged in their complaint an indebtedness for services and money expended for defendants, but the case was tried on an account stated, and at the close of the evidence the court allowed an amendment of the complaint to make it conform to the proofs; but no formal amendment was made, nor did defendants object or take an exception. *Held*, that defendants could not maintain that such allowance was error.

3. ACCOUNT STATED—RENDITION OF ACCOUNT—PROOF.
    In an action on an account stated, there was evidence that plaintiffs sent defendants an account more than a year before beginning the action. Defendants denied receiving this account, though their answer admitted that the amount was demanded at the time of rendering the account. A duplicate account was rendered three months later, which defendants admitted having received. There was also evidence that defendants never disputed the account, and promised to pay it. *Held* sufficient evidence to go to the jury.

Appeal from jury term.

Action brought by Edward N. Dickerson and others against Simon Scheuer and others to recover a balance due for legal services rendered defendants in a patent suit. In January, 1884, defendants were sued by a rival firm, when they retained plaintiffs, and entered upon a litigation, lasting about two years. At the time of retaining plaintiffs defendants were informed that plaintiffs had a regular scale of rates; but they did not ask, and were not informed, what the scale was. During the progress of the litigation, plaintiffs from time to time rendered bills according to this scale, which were promptly paid. After the end of the litigation, which resulted in favor of defendants, plaintiffs, on March 1, 1886, sent defendants a bill for the balance due, a little more than a year before commencing this suit, March 6, 1887. Mr. Scheuer denied having received this bill, though the answer admitted that the amount was "duly demanded from defendants" on March 1, 1886. A duplicate bill was sent defendants May 28, 1886, which they admitted having received. Defendants never disputed the bill, though their attention was often called to the matter, and payment requested, and there was evidence that they promised to pay it. Defendants claimed that there was an agreement that the cost of the litigation should not exceed $5,000; and as they had already paid out more than that amount, plaintiffs could not recover anything. The only evidence as to the agreement is that of Mr. Simon Scheuer, which is as follows: "I had been asking at the same time, 'Mr. Dickerson, what may be the expense of the case, if we are driven to the wall; if we are to go along in a long way?' Mr. Dickerson said, 'It may cost you $3,000; it may come up to five, with all expenses included.' I told him to go ahead with the case." At the close of the testimony, the court permitted the complaint to be amended "by making it conform with the facts proved," but no formal amendment was made. The jury found for plaintiffs, and defendants moved for a new trial on the minutes, which motion was denied, and the defendants appealed from the judgment entered on the verdict and from the order denying a new trial.

Argued before SEDGWICK, C. J., and FREEDMAN, J.

*Lyman Rindskopf*, for appellants. *Henry C. Andrews*, for respondents.

FREEDMAN, J. The evidence on behalf of the defendants was not sufficient to sustain a finding by a jury that the plaintiffs had agreed, as part of their contract, that the total expense of the litigation to the defendants was not to exceed $5,000, and hence there was no error in withdrawing that branch of the case from the consideration of the jury. The next question is whether there was sufficient evidence to sustain the verdict which the jury rendered in favor of the plaintiffs. The complaint alleged an indebtedness by the defendants to the plaintiffs upon an account of services rendered by the plaintiffs as attorneys and counselors, and moneys paid out by them, at defendants' request, during a certain specified period. This did not necessarily mean an indebtedness upon an account stated. But the trial of the issues proceeded without much regard for pleadings. The plaintiffs elected to proceed upon an account stated, and the court, at the close of the evidence on both sides, allowed an amendment of the answer, and then an amendment of the complaint, so as to make it conform with the facts proved. The defendants made no claim that it should be done in such a formal manner that the record would show precisely what the amendment was; nor did they take an exception. For all that appears they fully acquiesced, and consequently they cannot maintain that there was error in the ruling. Upon the question whether the plaintiffs have sufficient evidence to call for the submission of their case as one upon an account stated to the jury, it must be held, under the decision of *Case* v. *Hotchkiss*, *42 N. Y. 334, that they did. The fact that some of the defendants denied that they had assented to the bill as rendered, and promised to pay it, could not defeat such submission, but only made the case

one for the jury.   Under the circumstances of the case the exceptions which were taken by the defendants are untenable.   The judgment and order should be affirmed, with costs.